FILED

NOV 30 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARDUI HAVATYAN, a.k.a. Mari Tashchyan, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-71843 <br><br> Agency No. A078-015-458 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

    Vardui Havatyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' order summarily affirming an immigration judge's

decision denying her application for asylum, withholding of removal, and

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

NED/Research

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) ,and we grant in part and deny in part the petition for review.

The agency's determination that Havatyan was not harmed on account of a protected ground is not supported by substantial evidence because Havatyan's whistle-blowing actions were aimed at government corruption and the police retaliation was motivated at least in part by her exposure of the bribery scheme. *See Fedunyak v. Gonzales*, 477 F.3d 1126, 1129-30 (9th Cir. 2007) (whistle-blowing is political when directed towards governing institution). In addition, the agency failed to apply the proper presumption when assessing internal relocation. *See* 8 C.F.R. § 1208.13(b)(3)(ii) (if "the persecutor is a government . . . it shall be presumed that internal relocation would not be reasonable").

Substantial evidence supports the denial of CAT relief because Havatyan failed to show it is more likely than not that she will be tortured if she returns to Armenia. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055-56 (9th Cir. 2006).

Accordingly, we grant the petition for review with respect to Havatyan's asylum and withholding of removal claims, and remand for the agency to determine whether she has established past persecution, and to assess future fear

with the proper presumption. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**